## Jennie Chapman, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 21,981.     (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed May 9, 1917.

### Statement of the Case.

Action by Jennie Chapman, plaintiff, against the Chicago City Railway Company, defendant, to recover damages for personal injuries sustained by plaintiff by being struck by defendant's street car at a street crossing. From a judgment for plaintiff for $3,500, defendant appeals.

FRANKLIN B. HUSSEY and CHARLES LE ROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

RICHARD J. FINN, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 209*—*when instruction on voluntary intoxication as contributory negligence is erroneous.* An instruction that "while evidence of voluntary intoxication is competent to be considered by the jury in determining whether the person was taking that care of his safety which a reasonably prudent man or woman, who was sober, would take under the same circumstances, it does not of itself constitute contributory negligence," *held* argumentative and misleading, and as attempting to minimize or destroy the effect of legitimate evidence.

2. APPEAL AND ERROR, § 1652*—*when error in instruction not*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCV 32

*cured by another instruction.* Where two instructions, one of which was argumentative, misleading and incomplete, as to the consideration by the jury of evidence as to intoxication of a party, were detached and disconnected, *held* that it could not be assumed that the jury as a matter of fact considered the two together as one instruction so as to cure such improper instruction.

3. APPEAL AND ERROR, § 1316*—*when not assumed that jury decided case on another theory.* Where the instructions offered on behalf of both parties showed the case was submitted to the jury upon a certain theory, *held* that the court could not decide the case upon an hypothesis, resting upon surmise and conjecture, that the jury decided the case upon another theory.

4. INSTRUCTIONS, § 18*—*when fatally erroneous because argumentative and misleading.* Where the testimony as to a party's intoxication was sharply conflicting and the question was of importance, an instruction as to the consideration of such testimony which was argumentative and misleading, *held* to be fatally erroneous.

O'CONNOR, P. J., dissenting.